IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

**SHAWN CALLAHAN,**

       Plaintiff,

v.

**BNSF RAILWAY COMPANY,**
a Delaware Corporation,

       Defendant.

No. 3:17-cv-1121-AC

OPINION AND ORDER

**MOSMAN, J.,**

On May 4, 2018, Magistrate Judge John V. Acosta issued his Findings and Recommendation (F&R) [27], recommending that BNSF's Motion to Dismiss [9] should be GRANTED, and the case transferred to the Western District of Washington for further proceedings. Both parties filed objections [33, 34] and responses [38, 39].

## DISCUSSION

The magistrate judge makes only recommendations to the court, to which any party may file written objections. The court is not bound by the recommendations of the magistrate judge, but retains responsibility for making the final determination. The court is generally required to make a de novo determination regarding those portions of the report or specified findings or recommendation as to which an objection is made. 28 U.S.C. § 636(b)(1)(C). However, the court is not required to review, de novo or under any other standard, the factual or legal conclusions of

1 – OPINION AND ORDER

the magistrate judge as to those portions of the F&R to which no objections are addressed. *See Thomas v. Arn*, 474 U.S. 140, 149 (1985); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). While the level of scrutiny under which I am required to review the F&R depends on whether or not objections have been filed, in either case, I am free to accept, reject, or modify any part of the F&R. 28 U.S.C. § 636(b)(1)(C).

Upon review, I agree with Judge Acosta's recommendation and I ADOPT the F&R [27] as my own opinion. I write separately to respond to several points raised in the objections filed in response to the F&R. I note that the test in *Passantino*, which looks to "where the effect of the unlawful employment practice is felt," is essentially a forward-looking test. *See Passantino v. Johnson & Johnson Consumer Prod., Inc.*, 212 F.3d 493, 505 (9th Cir. 2000). *Passantino* asks courts to look to where the effects of an employment decision will be felt in the future, not to where a plaintiff spent some of his time working. In this case, Judge Acosta is correct not to conflate where Mr. Callahan performed some of his work or took a drug test with the place where Mr. Callahan felt the effects of BNSF's employment decision. Here, Mr. Callahan lived in Washington, he received his paychecks and benefits there, and his work was based in Vancouver. I therefore agree with Judge Acosta's recommendation on this issue.

The Motion to Dismiss [9] is GRANTED, and the case is transferred to the Western District of Washington for further proceedings.

IT IS SO ORDERED.

DATED this 20 day of July, 2018.

MICHAEL W. MOSMAN
Chief United States District Judge